# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TRISTANEY BAKER,

               Petitioner,               Case No. 2:25-cv-00604

        - vs -                    District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

WARDEN, Dayton Correctional
  Institution,

               Respondent.

---

# DECISION AND ORDER

---

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 34) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 33) recommending that Respondent's statute of limitations defense be overruled, but that the Petition be dismissed on the merits (ECF No. 33).

Although the Report recommends overruling the statute of limitations defense, Respondent has not objected to that conclusion and the time within which Respondent could have objected has expired. Accordingly, the Magistrate Judge's recommendation is **ADOPTED** and the statute of limitations defense is **OVERRULED**.

Petitioner's Objections were timely filed January 21, 2026. Under Fed.R.Civ.P. 72, Respondent was entitled to respond not later than February 2, 2026, but has not done so. As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de*

*novo* with particular attention to those portions objected to by Petitioner[1]. Based on that review, the Court rules as follows:

Represented by counsel, Petitioner pleaded one ground for relief in her habeas corpus petition:

> **Ground One:** By failing to secure and present mitigation evidence at sentencing, including a psychological assessment and psychological/medical records, trial counsel failed to provide effective assistance of counsel, as required by the 6th and 14th Amendments.
>
> **Supporting Facts:** Although psychological/medical records available to defense counsel at the time of sentencing demonstrated substantial mental-illness and trauma-history mitigation, trial counsel failed to secure and present a psychological expert to prove his mitigation claims instead relying on his own subjective arguments for mercy at sentencing. In post-conviction litigation, a psychological expert presented compelling mitigation evidence, of the type that reasonably competent counsel would have put forth, in contrast to the subjective plea for mercy that was actually made at Ms. Baker's sentencing. The court of appeals unreasonably applied U.S. Supreme Court precedent when it upheld the trial courts denial of Ms. Baker's IAC claim.

(Petition, ECF 1, PageID 5).

This ineffective assistance of trial counsel claim was litigated on the merits on Ms. Baker's petition for post-conviction relief under Ohio Revised Code § 2953.21 before the same trial judge who had imposed sentence. He denied relief and was affirmed by the Ohio Court of Appeals for the Fifth District. *State v. Baker,* 2024-Ohio-906 (Ohio App. 5th Dist. Mar. 11, 2024). This being the last reasoned state court decision in the case, it is the decision analyzed in the Report under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the

---

[1] At the outset of her Objections, Petitioner asks that the writ be granted and she be released unless the State grants her a new trial (ECF No. 34, PageID 889). The Court assumes this is a misstatement. This is an aggravated murder case in which Ms. Baker pleaded guilty in order to avoid risking the death penalty. Presumably the result she desires is re-sentencing, not a new trial.

"AEDPA"). *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006), *citing Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005).

The Report found the Fifth District had applied the governing standard for constitutional ineffective assistance of trial counsel claims from *Strickland v. Washington,* 466 U.S. 668 (1984), and that its decision was entitled to deference under 28 U.S.C. § 2254(d)(1) and (2).

The Report noted that both the trial attorney's argument at sentencing and Dr. Stinson's opinion were based on parallel sources, to wit, interviews with Ms. Baker about her childhood. The Fifth District Court of Appeals found as a matter of fact from reviewing the record that Dr. Stinson's testimony and report added little to what had been presented by counsel:

> Although Dr. Stinson's testimony and report is more detailed and nuanced, the information that he presented to the trial court is fundamentally the same as the oral evidence provided by trial counsel to the trial judge during the sentencing hearing, and the evidence contained in the pre-sentence investigation report. The main difference is that Dr. Stinson diagnosed Baker with several mental illnesses. Dr. Stinson's testimony and report present the same evidence of Baker's dysfunctional family and upbringing, alleged abuse, and traumatic events in her life. Dr. Stinson agrees that Baker was responsible for her conduct and capable of distinguishing right from wrong. He presented nothing of a compelling nature concerning a little understood psychological condition that would serve to mitigate Baker's actions not as premeditated, but as those of desperation and panic. He urged the trial judge to consider, as did trial counsel at sentencing, Baker's age, that she could benefit from treatment and possibly at some time in the future become less violent and less of a threat.

*State v. Baker, supra.,* at ¶ 57.  Petitioner objects and claims "Dr. Stinson's report and testimony went far beyond what trial counsel argued at sentencing."  The Court concludes, however, that the Fifth District's comparison of counsel's argument and Stinson's testimony and report is entitled to deference.  The Objections do not point to any differences which are so compelling that it was deficient performance to fail to obtain Dr. Stinson's report before sentencing.

3

Moreover, even if Dr. Stinson had been prepared to offer testimony at sentencing, it would not have been allowed.  As the trial judge noted in denying post-conviction relief, "[t]his Court does not permit witness testimony at a non-capital sentencing; nor does [sic] the rules or statutes require this type of arguments." (Decision, State Court Record, ECF No. 12, Ex. 19, PageID 353). It cannot be ineffective assistance of trial counsel to fail to produce a witness whose testimony would not have been allowed.

The Report noted that Dr. Stinson's evidence in post-conviction failed to persuade Judge Fleegle, the judge who imposed sentence and also decided the post-conviction petition.  Petitioner correctly notes that the likely impact of new evidence is to be weighed by an objective standard when applying the prejudice prong of *Strickand*  (Objections, ECF No. 34, PageID 892, citing *Hill v. Lockhart*, 474 U.S. 52, 60 (1985)).  However, Judge Fleegle's reaction to Dr. Stinson's evidence, unanimously held sufficient by three appellate judges, is at least some evidence supporting the conclusion that there was no prejudice.  What other evidence is there?  The Objections point to none.

Petitioner also objects that the Report "did not address the 'causal connection' between Ms. Baker's new mitigation evidence and the crimes she was convicted of" (ECF No. 34, PageID 893).  Dr. Stinson gave it as his opinion that "I think that the offense that Tristaney[2] committed here is absolutely a product of her trauma history and the remainder of her history [and although] we have no way of knowing with certainty [I believe] if she had a normal upbringing, I doubt we'd be sitting here, today." (Reply, ECF No. 28, PageID 836-37).  Counsel emphasize that this is the opinion of an "expert," but if we subject it to the test for expert opinion offered by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), it must be found

---

[2] A common rhetorical move by mitigation experts is to refer to Defendants by their first names, rather than more formally.

4

wanting.  There are thousands of people who have suffered traumatic childhoods not dissimilar to Petitioner's, but not all of them have committed aggravated murders.  The *Daubert* standard, slightly modified, is now a part of Ohio law at Ohio R. Evid. 702. There is no indication that Dr. Stinson's testimony was ever subjected to scrutiny under this standard or that his opinion on causation would meet that standard if it were applied.

Having reviewed the Report *de novo* in light of the Objections, the Court **ADOPTS** the Report and **OVERRULES** the Objections.  The Clerk will enter judgment dismissing the Petition with prejudice.

### Certificate of Appealability

The Magistrate Judge's Report does not make a recommendation on a certificate of appealability, postponing that decision. However, Petitioner has requested a certificate of appealability in the Objections and Respondent has not opposed that request.  Accordingly, the Court certifies for appeal the issue of whether it constituted ineffective assistance of trial counsel for counsel to fail to obtain and at least offer an opinion on mitigation such as that provided by Dr. Stinson.

**IT IS SO ORDERED**.

March 4, 2026.

/s/James L. Graham
James L. Graham
United States District Judge

5